PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MITCHELL, *et al.*, | ) | CASE NO. 5:20-CV-59 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CITY OF AKRON POLICE DEPT., *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 2, 3] |
| Defendants. | ) | |

Pending is the Amended Complaint of Plaintiffs Juan Mitchell and Shantal Wilkerson against Defendants Akron Police Department, Akron Police Detective Pamela Brown, and ABC Company ("Defendants"), filed *pro se*. ECF No. 4. Also pending are Plaintiffs' Motions for Leave to Proceed *in forma pauperis*. ECF Nos. 2, 3. For the reasons that follow, the action is dismissed.

**I. Background**

In addition to alleging one count under 42 U.S.C. 1983 against Defendants, Plaintiffs allege four state law claims against Defendants for conversion, abuse of process, negligence, and tortious interference with business and contractual relations. ECF No. 4 at PageID #: 48-54.

Plaintiffs allege that Mitchell purchased a 2007 Chevrolet Tahoe from Best Deals car dealership on June 24, 2014. *Id*. at PageID #: 41. He financed the purchase through the dealership and Best Deals retained a lien interest in the vehicle. *Id.* Wilkerson purchased a 2005 Toyota Prius from Best Deals in July 2014 and financed that purchase through Best Deals. *Id.*

(5:20CV59)

Plaintiffs allege Wilkerson paid the balance of her loan on May 22, 2015. *Id.* She then obtained a new title for the Prius that listed herself and Mitchell as co-owners. *Id.*

Plaintiffs contend Wilkerson brought the Prius to Best Deals for repairs in June 2015. *Id. at PageID #: 42*. Plaintiffs indicate the title to the vehicle was located in the glove compartment. While the Prius was at the dealership, Best Deals reported to the Ohio Bureau of Motor Vehicles ("BMV") that Plaintiffs had sold the vehicle back to them and applied for a title. *Id.* Plaintiffs contend their signatures on the title were forged. *Id.* Plaintiffs allege that on December 10, 2014, Best Deals reported to the BMV that they had repossessed the Tahoe. *Id.* Plaintiffs indicate Mitchell was still driving the Tahoe at the time, unaware that Best Deals had reported it as a repossession. *Id.*

In July 2015, Plaintiffs confronted Best Deals regarding the title transfers of the Prius and Tahoe. *Id*. at PageID #: 43. Plaintiffs state that negotiations ensued and eventually they agreed that Best Deals would keep the Prius, which was valued at $ 7,737.50, and deduct that amount from the loan balance of the Tahoe. *Id*. Plaintiffs further allege that the parties agreed their remaining loan balance, after deduction of the Prius' value, would be $6,000.00. *Id.* Plaintiffs claim Mitchell paid this amount to Best Deals in August 2015. *Id.* Best Deals allegedly signed the title and returned it to Mitchell. *Id.* Mitchell then applied for a new title with a Kalah Ellis as co-owner. *Id.* Wilkerson does not appear to have had an ownership interest in the Tahoe. *See id*. at PageID #: 44.

2

(5:20CV59)

On August 14, 2015, Mitchell drove the Tahoe to an automobile auction hoping to sell it to pay off a debt owed to Towpath Credit Union. *Id*. Plaintiffs allege Towpath had the title to the vehicle, although it is unclear how they obtained it. *See id*. The Tahoe did not sell at the auction, however, Mitchell found a private buyer, Brendon Butler, who agreed to pay $14,500.00 for it. Butler obtained financing through Towpath. *Id*. Mitchell, Ellis, Butler, and a representative from Towpath met on August 25, 2015 to complete the loan process and sign over title of the Tahoe to Butler. *Id*.

Mitchell alleges he was unaware that four days earlier, Best Deals filed a police report with the Akron Police Department claiming the Tahoe had been stolen from its car lot. *Id*. Best Deals filed a second police report on August 24, 2015 indicating Mitchell had stolen the Tahoe's title and forged it. *Id*. at PageID #: 45. Best Deals reported that all of the paperwork for the Tahoe had also been stolen. *Id*.

Akron Detective Brown contacted Mitchell on August 25, 2015. *Id*. Mitchell explained to Brown that he had purchased the truck and paid it off. *Id*. Mitchell claims Brown nevertheless contacted Towpath and informed it that the Tahoe had been reported stolen. *Id*. Towpath cancelled the transaction with Butler. *Id*. The following day, Brown contacted Mitchell's bank and informed it that the check that had been deposited for the Butler transaction would be dishonored, causing Mitchell's bank to freeze his accounts. *Id*. Brown also contacted the BMV and asked it to cancel Mitchell's title to the Tahoe. *Id*. at PageID #: 46.

3

(5:20CV59)

Mitchell was arrested on August 28, 2015 and charged with grand theft, receiving stolen property, and tampering with records. *Id*. The grand jury indicted him in the fall of 2015. *State v. Mitchell*, Case No. 2015 CR 08-2671 (Summit Cty Ct. Comm. Pl. 2015). He entered into a plea deal with the state in which he pled guilty to a reduced charge of tampering with records in exchange for an agreement to dismiss charges of grand theft and forgery. *Id*. Mitchell was sentenced to forty-six days in jail on October 12, 2016. *See id*.

Mitchell and Wilkerson now bring this action claiming Brown and the Akron Police Department took the Tahoe without due process, and committed torts of conversion, abuse of process, negligence and tortious interference with business and contractual relations. Plaintiffs seek compensatory and punitive damages. *Id* at PageID #: 56.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against

4

(5:20CV59)

defendants on behalf of a *pro se* plaintiff. See Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); Thomas v. Brennan, 1:18-CV-1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985) and Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill, 630 F.3d at 470-71 (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A) (quoting Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 471.

### III. Analysis

As an initial matter, none of the claims asserted in the Amended Complaint appear to pertain to Wilkerson. She contributed her Prius toward the purchase of Mitchell's Tahoe but was not given an ownership interest in the Tahoe. As noted, Mitchell added another individual on the title as a co-owner. The Amended Complaint does not allege that she had contact with the Akron Police Department or Brown during the investigation. Furthermore, Wilkerson does not appear to have been indicted or charged with a crime in connection with the title transfer of the Tahoe. See ECF No. 4.

(5:20CV59)

To have standing to bring a claim, a party must assert her own legal rights and interests, and cannot rest her claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County,* 760 F.2d 689, 693 (6th Cir. 1985). The fact that Wilkerson may be collaterally affected by the adjudication of Mitchell's claims does not necessarily extend the Court's Article III powers to her. See *Allstate Insurance Co.*, 760 F.2d at 692. Because Wilkerson does not appear to have an ownership interest in the Tahoe, and was not involved in the criminal investigation, she lacks standing to assert the claims raised in the Amended Complaint.

The only federal claim Mitchell raises in the Amended Complaint is one for denial of due process under 42 U.S.C. § 1983. It is clear from the face of the pleading that the statute of limitations period for raising § 1983 claims has expired. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Props. v. Portage Metro Hous. Auth.*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the Complaint took place between 2014 and 2016. This action was filed in 2020, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* §1983 action filed after two-year statute of limitations for bringing such an action had expired).

Furthermore, even if Mitchell could overcome the statue of limitations bar, he could not proceed with his § 1983 claim. The crux of Mitchell's claim is that he was the rightful owner and

6

(5:20CV59)

title holder of the Tahoe and the actions of the Akron Police Department and Detective Brown deprived him of that title without due process. Mitchell, however, pled guilty to tampering with the records in that transaction. If the Court were to find that Mitchell was the lawful owner of the Tahoe and the Defendants indeed deprived him of his property without due process, it would call into question the validity of his conviction.

In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Because Mitchell's due process claim requires that he first must have a constitutionally protected property interest in the Tahoe, a favorable judgment would call into question his conviction for tampering with records. He does not allege that the conviction was overturned on appeal or through a habeas petition. He therefore cannot bring a due process claim.

Mitchell's remaining claims all arise, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases in which the federal law claims are dismissed before

7

(5:20CV59)

trial, the state law claims should also be dismissed. *Id.* Having dismissed Mitchell's federal law claims, the Court declines jurisdiction to hear his state law claims.

### IV. Conclusion

Accordingly, Plaintiffs' Applications to Proceed *in forma pauperis* (ECF Nos. 2, 3) are granted and this action is dismissed pursuant to 28 U.S.C. §1915(e), without prejudice to any state law claims Plaintiffs may assert in state court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 August 31, 2020                  */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                                 United States District Judge